**Charles E. AUSTIN et al., Plaintiffs,**

**John W. Perotti, Plaintiff–Appellant,**

**v.**

**Reginald WILKINSON et al.,
Defendants–Appellees.**

No. 02–3524.

United States Court of Appeals,
Sixth Circuit.

Nov. 18, 2003.

John W. Perotti, pro se, Cleveland, OH, for Plaintiff–Appellant.

Todd R. Marti, Richard N. Coglianese, Office of the Attorney General, Columbus, OH, for Defendant–Appellee.

Before MOORE and ROGERS, Circuit Judges, and FORESTER,* District Judge.

**OPINION**

MOORE, Circuit Judge.

Pro se plaintiff John W. Perotti ("Perotti") appeals from the district court's approval of a settlement between a class certified pursuant to Federal Rule of Civil Procedure 23(b)(2), which included Perotti, and the defendants over conditions at the Ohio State Penitentiary ("OSP"). He claims that the district court erred in failing to rule on his motion to dismiss himself as a class plaintiff. Because a Rule

---

* The Honorable Karl S. Forester, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

23(b)(2) class is a mandatory class, however, Perotti could only object to the terms of the class settlement through the fairness hearing. Because the district court did not abuse its discretion in approving the settlement as fair, we **AFFIRM** the judgment of the district court.

Perotti was a named representative of a class in a suit filed against defendants in their capacities as officials of the Ohio Department of Rehabilitation and Correction. The plaintiff class was certified by the district court pursuant to Fed.R.Civ.P. 23(b)(2) on October 5, 2001. Joint Appendix ("J.A.") at 116. This class consisted of all inmates then at OSP, those inmates who would be at OSP in the future, and all other inmates who were at OSP as of January 9, 2001. The class counsel and defendants apparently began settlement negotiations, such that on January 2, 2002, Perotti filed what he refers to as an "Objection to Settlement and Voluntary Dismissal Per Rule 41(b)." J.A. at 37. The district court apparently did not rule on this motion, and on February 19, 2002, class counsel and defendants jointly moved for approval of a proposed Settlement Agreement, whereby defendants agreed to correct deficiencies in medical care, mental health care, outdoor exercise space, and use of security restraints. J.A. at 119–23, 125. The district court ordered notice to be given to class members pursuant to Rule 23(e). J.A. at 126. Perotti filed numerous objections to the settlement before the fairness hearing required by Rule 23(e), held April 5, 2003. J.A. at 38–41, 46, 126. The district court reviewed all these

objections, as well as those made by other class members, took testimony from certain objecting class members, considered argument made by counsel, and then found the proposed settlement fair. J.A. at 125–30. The court certified the settlement class per Rule 23(e), barring any future claims for equitable relief against defendants by class members. J.A. at 129.

■ Perotti's stated complaint on appeal regards the district court's failure to rule on his motion to dismiss pursuant to Federal Rule of Civil Procedure 41. Although Perotti labeled his motion one for "Voluntary Dismissal Per Rule 41(b)," Rule 41(b) governs *involuntary* dismissals and is inapplicable here. Pursuant to Rule 41(a)(2), a plaintiff can dismiss his action after an answer has been filed only by approval of the court. However, prior to Perotti's motion to dismiss his claim, the district court had certified a Rule 23(b)(2) class action. Rule 23(b)(2) class actions are mandatory class actions, in that class members are given no opportunity to opt out of the action. *See Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir.2002). Thus, even if through Rule 41 Perotti could have been dismissed as a class representative,[1] he would still be bound by the settlement, if proper, as part of the settlement class. Perotti's main complaint seems to be a desire to pursue compensatory damages; he is of course not barred from seeking damages by the preclusive effect of the class action, which bars only future injunctive relief.[2]

---

1. It appears on the face of the motion filed by Perotti that he believed himself to have been already removed as a class representative by the unilateral decision of class counsel. *See* Plaintiff's Memorandum in Support of Objection To Proposed Settlement and Voluntary Dismissal at 1. Whether or not Perotti was removed as class representative has no effect on his attempt to "opt out" of the class.

2. We note that Perotti has already filed a separate claim for damages. *See Perotti v. Wilkinson*, No. 4:02–CV–27 (N.D.Ohio June 21, 2002). Defendants filed a motion for judgment on the pleadings which was granted on June 21, 2002. *Id.* Perotti has filed an appeal from that judgment. *See* Notice of Appeal, *Perotti v. Wilkinson*, No. 4–02–00027–JG, N.D. Ohio, Oct. 16, 2002. That appeal is

To the extent that Perotti's current appeal raises a challenge to the adequacy of the settlement, the appeal fails. The district court made findings as to each of the areas of relief and found each adequate. The district court discussed class members' objections, which consisted in the main of complaints that the outdoor recreation facility would not be built immediately and complaints about classification proceedings not at issue in the settlement. The district court found the settlement to be fair, reasonable, and adequate. J.A. at 125–29. On appeal, Perotti's only complaints about the sufficiency of the settlement seem to concern damages and a suggestion that the settlement is being administered improperly. Plaintiff–Appellant's Br. at 7. He states no reason why the district court abused its discretion in approving the settlement. To the extent that he complains about the administration of the settlement, those complaints must first be raised in the district court, which has retained jurisdiction over the settlement. J.A. at 129–30. Whatever relief Perotti seeks or to which he may be entitled, it is not relief available in this appeal.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

now pending under Sixth Circuit docket number 03–3016.